# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRITTANY SATTERFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15 C 10308 |
| ) | |
| CHIPOTLE MEXICAN GRILL, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT 2

Brittany Satterfield has sued her former employer Chipotle Mexican Grill, Inc., alleging gender discrimination and retaliation for filing a charge of discrimination. Satterfield, who worked as a cashier, alleges the following. She started a management training program in July 2014. She became pregnant and advised Chipotle of this in August 2014. She was then removed from the management training program, and her hours were cut. In August and September, she made internal complaints about pregnancy-based discrimination, as well as sexual harassment and racial remarks. Chipotle terminated her employment in October 2014.

Satterfield asserts three claims, all under Title VII of the Civil Rights Act of 1964, as amended. Count 1 is a claim of discrimination based on pregnancy; it is alleged as a disparate treatment claim. Count 2 is also a claim of discrimination based on pregnancy; it is alleged as a disparate impact claim. Count 3 is a claim of retaliation for complaining about discrimination.

Chipotle has moved to dismiss Count 2, citing Federal Rule of Civil Procedure 12(b)(6). In Count 2, Satterfield alleges that "[d]efendant has, or claims to have, a policy whereby management training is not available for pregnant employees." Compl. ¶ 35. Chipotle contends that a claim of disparate impact is outside the scope of Satterfield's EEOC charge, which Chipotle characterizes as asserting only disparate

treatment. Chipotle's motion attaches Satterfield's charge and the EEOC's notice of right to sue.

It is questionable whether this is a proper Rule 12(b)(6) motion, as failure to exhaust is an affirmative defense, and affirmative defenses typically are not appropriate bases for a motion to dismiss for failure to state a claim. There is the additional complication that Chipotle's motion relies on evidence outside the complaint, namely the charge. Thus the motion likely is not, strictly speaking, a proper Rule 12(b)(6) motion for that reason as well. Chipotle contends that the Court can take judicial notice of the EEOC charge and still address the motion under Rule 12(b)(6). But it is not as simple as that; there are circumstances under which other materials before the EEOC, such as the intake questionnaire prepared when the complainant seeks to file a charge, may be considered as a charge. *See, e.g., Bongiorno v. The Fresh Market, Inc.*, No. 15 C 5887, 2016 WL 25713, at *3 (N.D. Ill. Jan. 3, 2016) (Kennelly, J.). The Court would not consider just the charge without giving Satterfield an opportunity to offer additional evidence of this sort, which essentially means the motion cannot properly be considered as a Rule 12(b)(6) motion.

The Court need not rest its decision on those points, however, because even if it is appropriate to consider the EEOC charge that Chipotle has attached to its motion, its contention that Count 2 is outside the scope of the charge lacks merit. There is no separate place on the charge form to assert "disparate impact" or "disparate treatment"; rather, the charge simply identifies the factor on which the alleged discrimination was based, e.g., gender, race, retaliation, disability. *See* Def.'s Mot., Ex. 1. Because EEOC charges are completed (or at least signed) by laypersons rather than lawyers, a plaintiff is not required to allege in her charge each fact that combines to form the basis of the claims in her lawsuit. *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). "[A]ll Title VII claims set forth in a complaint are cognizable that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (internal quotation marks omitted). This is the case with respect to Satterfield's disparate impact claim. She alleged in her charge that she was removed from a management training program due to her pregnancy. That charge is broad enough to encompass both disparate treatment focused on Satterfield as an individual and a

2

discriminatory policy of the sort she alleges. She was not required to allege that sort of detail in her charge, and conversely Count 2 is not outside the scope of the charge because it supposedly does not assert a "theory" of disparate impact. (The Court notes that the charge does not actually assert a "theory" at all, nor did it need to.)

Chipotle cites cases in which district judges have held that a charge asserting disparate treatment does not encompass a claim of disparate impact. None of the decisions Chipotle cites is binding, and the Court does not find them persuasive. That aside, Chipotle cites these cases for the proposition that "[t]o bring a disparate impact claim, a plaintiff must have made an EEOC Charge that alleges a facially neutral policy." Def.'s Mem. at 4 (quoting *Padron v. Wal-Mart Stores, Inc.*, 783 F. Supp. 2d 1042, 1049 (N.D. Ill. 2011)). Here, however, the policy that Satterfield cites is *not* facially neutral. She alleges Chipotle had a policy of excluding pregnant employees from management training. That would be an *expressly* discriminatory policy, not a neutral one. Thus even if the Court found persuasive the cases that Chipotle cites, the present case is distinguishable.

For these reasons, the Court denies defendant's motion to dismiss Count 2.

Date: January 14, 2016